IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARK ANTHONY PALLOTTINO,

    Plaintiff,

v.                                                                              No. 1:25-cv-644 DHU-KRS

LOS SUENOS DE ALBUQUERQUE HOMEOWNERS
ASSOCIATION; JAMES CLARK, JR; KRISTEN
CUSHMAN; TERRY COMBS; HOMEOWNERS
ASSOCIATION MANAGEMENT COMPANY;
ANGELINA GARCIA; GARY WISEMAN; JUSTIN
RODRIGUEZ; RESNICK & LOUIS P.C. LAW FIRM;
MITCHELL J. RESNICK; LONA M. LOUIS; MICHAEL
S. RUMAC; JUSTIN D. GOODMAN; and RYAN C. SCHOTTER,

    Defendants.

## ORDER DENYING MOTION FOR ALTERNATIVE SERVICE AND MOTION FOR RULE 16 CONFERENCE

THIS MATTER is before the Court on two motions filed by *pro se* Plaintiff Mark Anthony Pallottino.

**Docs. 31 and 37: Motion For Alternative Service Including Service By Publication.**[1] Plaintiff seeks an order authorizing service on Defendant James Clark Jr. by publication in the Albuquerque Journal Newspaper once a week for three consecutive weeks. In the alternative, Plaintiff states that he is "open[ ] to whatever this Court feels is appropriate, including having a United States Marshall serve Defendant Clark."

The methods of service of process on an individual for cases in federal court are set out in Federal Rule of Civil Procedure 4(e). There is no express provision for service by publication in

---

[1] Docs. 31 and 37 appear to be duplicative, the only difference being that Doc. 37 is verified. Therefore, the Court treats them as a single motion.

Rule 4(e) or any other federal rule. However, as an alternative to serving under the methods set forth Rule 4(e)(2), the Rule provides that service may be effected by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" FED. R. CIV. P. 4(e)(1).

Under New Mexico law, alternative forms of service, including service by publication, may be permitted "[u]pon motion, without notice, and showing by affidavit that service cannot reasonably be made as provided by this rule[.]" NMRA, RULE 1-004(J); *see also* NMRA, RULE 1-004(K) ("Service by publication may be made only pursuant to Paragraph J of this rule."). Service must be "reasonably calculated under all of the circumstances to apprise the defendant of the existence and pendency of the action and afford a reasonable opportunity to appear and defend." NMRA, RULE 1-004(J). To effectuate service under Rule 1-004(J), a plaintiff must demonstrate in detail to have attempted service through the hierarchy of mechanisms under NMRA, RULE 1-004(F), and that a reasonable and good-faith effort to serve the defendant through those mechanisms was unsuccessful. *Soto v. Vill. of Milan Police Dep't*, No. 10-0043 WJ/ACT, 2010 WL 11619168, at *2 (D.N.M. Sept. 17, 2010) (citing *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 147 (10th Cir. 1985) (due diligence is shown in attempt to serve process by carefully following the procedural steps outlined in the state's rule governing service)). Under NMRA, RULE 1-004(F), personal service on a defendant may be accomplished by delivering the summons and complaint to the defendant personally. NMRA, RULE 1-004(F)(1)(a). If the defendant refuses to accept service, leaving the documents at the location where the defendant has been found constitutes valid service. *Id.* Alternatively, service may be effected by mail or commercial courier as outlined in Rule 1-004(E)(3). NMRA, RULE 1-004(F)(1)(b). To be effective, service by mail or commercial courier requires that the envelope be addressed to the named defendant and that the

defendant or a person authorized by appointment, by law or by this rule to accept service of process upon the defendant signs a receipt for the envelope or package containing the summons and complaint, writ or other process. NMRA, Rule 1-004(E)(3). If the defendant does not sign for or accept service by either of these methods, a party may serve a person over the age of fifteen residing at the defendant's usual place of abode and mail a copy to the defendant at the defendant's last known address. NMRA, Rule 1-004(F)(2). If service is still unsuccessful, process may be delivered to a person apparently in charge at the defendant's actual place of business or employment, and a copy must also be mailed to both the defendant's last known mailing address and place of business and employment. NMRA, Rule 1-004(F)(3). A party should attempt to exhaust the entire "hierarchy of mechanisms" under NMRA, Rule 1-004(F) before service by alternative means is justified. *See Soto*, 2010 WL 11619168 at *3.[2]

In his verified motion, Plaintiff represents that he attempted to serve Mr. Clark at his home, but that Clark refused to answer the door. Plaintiff also states that he sent the summons and complaint to Mr. Clark by United States Postal Service, but the mailing was returned to sender by Defendant Clark. Based on these facts, Plaintiff argues that personal service is impracticable and service by publication thus is appropriate under NMRA, Rule 1-004(J). But Plaintiff has not shown that he has exhausted the entire hierarchy of mechanisms under NMRA, Rule 1-004(F). Plaintiff purports to have attempted service pursuant to NMRA, Rule 1-004(F)(1)(a) and NMRA, Rule 1-004(F)(1)(b), but there is a question as to whether those attempts at serving Defendant

---

[2] The New Mexico rule providing for service by publication also expressly requires that "[a] copy of the proposed notice to be published shall be attached to the motion." NMRA, Rule 1-004(K). The Court notes that there is no such attachment to the instant motion. However, Plaintiff appears to have filed the proposed notice separately on the docket. *See* (Doc. 34).

Clark satisfied the requirements of the Rule.[3] In addition, there is no indication in the verified motion that Plaintiff has attempted service under the provisions of NMRA, RULE 1-004(F)(2) or NMRA, RULE 1-004(F)(3). Service by publication is not justified unless and until Plaintiff has made a valid attempt to serve Clark by all of the mechanisms set out in NMRA, RULE 1-004. Only then can the Court find that service cannot reasonably be made under NMRA, RULE 1-004(F), thereby justifying service by publication under subsection (J) of that Rule.

**Doc. 36: Plaintiff's Motion Requesting Rule 16 Scheduling Conference.** Plaintiff's motion requests that the Court enter an order scheduling a Rule 16 conference. Pursuant to Rule 16, the court "must issue the scheduling order as soon as practicable, but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." FED. R. CIV. P. 16(b)(2). The Court has entered an order finding good cause to delay entry of a scheduling order pending a ruling on the motions to dismiss that have been filed by various defendants in the case. (Doc. 48). The Court will schedule a Rule 16 conference should the case continue after those potentially dispositive motions are resolved.

**FOR THE FOREGOING REASONS**, Plaintiff's Motion For Alternative Service Including Service By Publication, **Doc. 31** and **Doc. 37**, and Plaintiff's Motion Requesting Rule

---

[3] After Plaintiff filed Doc. 31, Defendant Clark appeared in the case through counsel, filing a motion to dismiss for insufficiency of service of process. (Doc. 44). According to the motion to dismiss, the Proof of Service on Defendant Clark (Doc. 20) is defective because the summons does not name Clark as the Defendant being served. Instead, it is addressed as follows: "(Former HOA Director [sic]) Los Suenos De Albuquerque HOA." In addition, the motion to dismiss argues that the Proof of Service is defective because it is signed by Plaintiff, and, as a party, Plaintiff is not authorized to effect service on his own behalf. *See* FED. R. CIV. P. 4(c)(2) ("Any person who is at least 18 years old and *not a party* may serve a summons and complaint." (emphasis added)). The motion to dismiss is currently pending.

16 Scheduling Conference, **Doc. 36**, are **DENIED WITHOUT PREJUDICE.**

    **IT IS SO ORDERED this 24th day of September, 2025.**

                                                _____
                                                KEVIN R. SWEAZEA
                                                UNITED STATES MAGISTRATE JUDGE